
Office of the Attorney General · State of Texas
JOHN CORNYN

August 7, 2000

The Honorable Bob Turner
Chair, Committee on Public Safety
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0265

Re: Validity of a regulation of the Texas Air National Guard that relates to "officers lacking in professional qualifications" (RQ-0197-JC)

Dear Representative Turner:

You request an opinion concerning the involuntary discharge of Major Robert H. Starks from the Texas Air National Guard in 1990. You state that Major Starks' discharge was apparently based upon provisions of the Texas Air National Guard Regulation 36-05 applicable to "officers lacking in professional qualifications." Letter from Honorable Bob Turner, Texas State Representative, to Honorable John Cornyn, Attorney General of Texas (Feb. 27, 2000) (on file with Opinion Committee). You ask whether an individual could legally be discharged from the Texas Air National Guard ("TANG") on the basis of this regulation, as further defined by a unit policy letter issued by the commander. We answer only your legal question, and do not address any fact questions related to the termination. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0152 (1999) at 12; JC-0020 at 2; M-187 (1968) at 3; O-2911 (1940) at 2. We conclude that it is not illegal for an individual to be discharged from the TANG on the basis of the regulation as further defined by the unit commander's policy letter. *See* TEX. GOV'T CODE ANN. § 431.045(a) (Vernon 1998) ("unit" may mean "a company, squadron-size organization, or separately administered or located platoon or flight of the Texas National Guard").

The Texas Air National Guard, like the Texas Army National Guard, is an active state military force, *id.* § 431.001(3), which Congress may order into active federal duty when it is needed for national security. 32 U.S.C. § 102 (1994); *see generally* Tex. Att'y Gen. LO-98-038, at 2-3 (describing federal-state nature of National Guard). The Governor is commander-in-chief of the state military forces with full authority over these forces, except when they are called into actual service of the United States. TEX. CONST. art. IV, § 7; TEX. GOV'T CODE ANN. § 431.002(a) (Vernon 1998); *see also id.* §§ 431.004(a), .044 (Governor's rule-making authority). If the Governor is unable to perform the duties of commander-in-chief, the Adjutant General shall command the state miliary forces. *Id.* § 431.002(b); *see also id.* § 431.022 (Adjutant General is subordinate only to the Governor in matters pertaining to the military department of the state and the state military forces).

Texas Air National Guard Regulation ("TANG Regulation") 36-05 was adopted by the Adjutant General for the Governor. *See* TANG Reg. 36-05, at 2. This regulation is not a "rule" within the Administrative Procedure Act, TEX. GOV'T CODE ANN. ch. 2001 (Vernon 2000). That Act defines "rule" to exclude "a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures." *Id.* § 2001.003(6)(C). TANG Regulation 36-05 concerns only the internal management of the Texas National Guard and is therefore not subject to the rule-making procedures under the Act and accordingly is not codified in the Texas Administrative Code. Nor are the unit policy letters that implement the regulation required to be included in a formal rule. "Not every statement by an administrative agency is a rule for which the APA prescribes procedures for adoption and for judicial review." *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 443 (Tex. 1994); *see Brinkley v. Texas Lottery Comm'n*, 986 S.W.2d 764, 769 (Tex. App.–Austin 1999, no pet.) (administrative agencies routinely issue letters, guidelines, and reports and file briefs that contain statements that implement, interpret, or prescribe law, policy, procedure or practice requirements).

Major Robert Starks was discharged from the Texas Air National Guard in 1990 in accordance with TANG Regulation 36-05 for failure to complete his unit commander's Unit Level-Professional Military Education Course. Letter from James C. Null, Chief Warrant Officer, Adjutant General's Department, to Honorable Jesse Jones, Texas State Representative (Dec. 11, 1997) (on file with Opinion Committee). The Adjutant General's Department reviewed Major Starks' termination several times and he appealed it at least three times to the Air Force Board for the Correction of Military Records (the "AFBCMR"). *Id.* The AFBCMR, composed of civilians appointed by the Secretary of the Air Force, provides aggrieved members of the military a means to correct an error or remove an injustice from their military records, restore lost rank, and recover for the loss of pay and other pecuniary benefits. 10 U.S.C. § 1552 (1994 & Supp. IV 1998); *see Udell v. Adjutant General's Dept.*, 878 F. Supp. 991, 995 (S.D. Tex. 1995). The AFBCMR determined that "there was insufficient evidence of error or injustice to warrant corrective action." Letter from John J. D'Orazario, Chief Examiner, Air Force Board for Correction of Military Records, to Major Robert H. Starks (Feb. 25, 1997) (on file with Opinion Committee). A representative of the Department of Defense informed Mr. Stark that the decision of the AFBCMR was "on firm legal basis," and that "it appears the only way you can reverse this action is to prove your separation under TANGR 36-05 is not in accordance with Texas statute." Letter from David D. Kirtley, Lt. Col., USAF, Departments of the Army and the Air Force, National Guard Bureau, to Mr. Robert H. Starks (Dec. 20, 1994) (on file with Opinion Committee). *See Cole v. Texas Army Nat'l Guard*, 909 S.W.2d 535, 539 (Tex. App.–Austin 1995, writ denied) (Adjutant General's termination of national guard officer was invalid because in excess of Adjutant General's statutory authority).

In connection with this background information, you ask us whether Major Starks could be terminated pursuant to TANG Regulation 36-05 for not completing a Unit Level-Professional Military Education Course required by the unit commander. Neither TANG Regulation 36-05 nor any other regulation applicable to the Texas Air National Guard as a whole stated that this course was required. The particular standards applied to Major Starks existed solely in a unit policy letter issued by the commander and they were more stringent than those required by TANG as a

whole. Letter from Mr. Robert H. Starks, to Honorable John Cornyn, Texas Attorney General (Apr. 18, 2000) (on file with Opinion Committee). Mr. Starks questions whether TANG Regulation 36-05 and the Unit-Level-Professional Military Education standards applied to him because he was "discharged pursuant to a unit-imposed policy" and "it cannot be said that the discharge was required by State Law." *Id.* In addressing this question, we will cite current provisions of the statutes, unless a relevant provision was significantly different in 1990, when Major Starks was terminated.

Federal law provides that the appointment of an officer of the National Guard may be terminated as provided by the laws of the State of whose National Guard he is a member. 32 U.S.C. § 324(b) (1994). State law provides that "[a] person may be discharged from the state military forces *according to regulations adopted by the adjutant general* or to federal law or regulations." TEX. GOV'T CODE ANN. § 431.089 (Vernon 1998) (emphasis added); *see also* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 147, § 1, 1987 Tex. Gen. Laws 316, 422, *amended by* Act of May 29, 1997, 75th Leg., R.S., ch. 1021, § 13, 1997 Tex. Gen. Laws 3728, 3732 (section 431.042(b) of the Government Code formerly permitted discharge of National Guard officer "because of" administrative regulation). Thus, a member of the Texas National Guard could be terminated pursuant to administrative regulation.

> TANG Regulation 36-05 states in part:
>
> 3. Purpose. National Guard officer personnel policies focus on attaining and maintaining military leadership which directly correlates with achieving a combat ready, professional and dynamic force. It is essential that personnel policies pertaining to the Texas National Guard provide for a viable mobilization capability, promotion opportunity and grade vitality. This regulation establishes the necessary policy and procedures to insure this goal by providing authority for administrative discharge of officers when and where necessary.
>
> 4. Policy. Officers who are substandard in performance of duty or conduct, deficient in character, *lacking in professional qualifications or status*, or otherwise unsuited for continued military service are not to be retained in the Texas National Guard. Presence of one or more of these conditions will be sufficient basis for the administrative discharge of an officer from the Texas National Guard. Additionally, an officer of the Texas National Guard may be administratively discharged from his appointment for one or more of the following reasons or conditions. [conditions not relevant to request]

5. Procedures.

    a. *Commanders of units below Adjutant General's Department level.*

    *(1) Such commanders may request the resignation of individual officers due to reasons indicated in paragraph 4.*

    (2) In the event a requested resignation is not received by the date required, a request for administrative discharge may be submitted to The Adjutant General of Texas through command channels. A copy of the request will be provided the involved officer at the time it is forwarded.

    (3) If approved, the officer will be discharged in accordance with appropriate provisions of Section 6, Article 5765: Section 2, Article 5780: Section 4, Article 5781: and/or Section 1, Article 5782, Revised Civil Statutes of Texas. [These provisions are now codified, respectively, as Government Code sections 431.003 (governor's military staff), 431.022 (adjutant general's role), 431.029 (adjutant general's duties, including duties that pertain to chiefs of staff), 431.030 (property), and 431.042 (officer of National Guard must be qualified under United States law and regulations).]

    (4) An individual processed under this regulation who feels his commander is unjustified in requesting his administrative discharge may appeal to The Adjutant General of Texas for a review of his case. The Adjutant General may appoint a board of officers to investigate the appeal and provide pertinent recommendations based on the findings of the board.

TANG Reg. 36-05 (emphasis added).

As we have pointed out, section 431.089 of the Government Code provides that a person may be discharged from the state military forces "according to regulations adopted by the adjutant general." It is suggested that a person may not be discharged for failing to complete an instructional program unless a regulation adopted by the Adjutant General specifies that the person must complete the particular instructional program. The legal question to be addressed is whether a person discharged for failing to complete course work required in a unit policy letter has been terminated "according to" a regulation "adopted by the adjutant general."

Section 4 of TANG Regulation 36-05 establishes in broad terms the reasons for which officers may be terminated, that is, for being "substandard in performance of duty or conduct,

deficient in character, *lacking in professional qualifications or status*, or otherwise unsuited for continued military service," while section 5(a)(1) of the regulation authorizes unit commanders to "request the resignation of individual officers due to reasons indicated in paragraph 4." TANG Reg. 36-05 §§ 4, 5(a)(1) (emphasis added). *The unit commander applies the regulation to individual cases, determining whether the facts show that the officer is* "lacking in professional qualifications or status," *and requesting the officer's resignation if the facts warrant this.* If the officer does not resign by the date required, the unit commander submits the request for administrative discharge to the Adjutant General through the chain of command. *Id.* § 5(a)(2). An individual terminated under this regulation may appeal to the Adjutant General for a review of his case. *Id.* § 5(a)(4).

We believe that an officer terminated for lack of "professional qualifications or status" under the procedures set out in TANG Regulation 36-05 has been terminated "according to" a regulation adopted by the Adjutant General. "According to" is defined as "[i]n a manner agreeing with, consistent with, or answering to; agreeably to." I OXFORD ENGLISH DICTIONARY 83 (2d ed. 1989). Section 431.089 of the Government Code is construed to mean that a person may be discharged from the state military forces "in a manner agreeing with, consistent with, or answering to; agreeably to" regulations adopted by the Adjutant General. Thus, the termination must be effectuated consistently with the regulation. Assuming that the professional qualifications described in the unit policy letter are relevant to the officer's work and that the procedures set out in TANG Regulation 35-06 are followed, an officer terminated for failure to complete course work required in the letter has been terminated "according to" a regulation "adopted by the adjutant general." *See generally Jolicoeur v. Laird*, 344 F. Supp. 1125, 1127 (D. Minn. 1971); *Caruso v. Toothaker*, 331 F. Supp. 294, 297-98 (M.D. Pa. 1971) (unit commanders had discretion to determine pursuant to regulation whether or not national guard member had unexcused absence from training session); *see also Cole*, 909 S.W.2d at 539 (discharge of National Guard officer "for cause" was invalid because Adjutant General did not follow statutory procedures). Accordingly, we conclude that an individual could legally be discharged from the Texas Air National Guard for lacking professional qualifications as stated in TANG Regulation 36-05 and further defined in the unit commander's policy letter.

## S U M M A R Y

An officer could legally be discharged from the Texas Air National Guard for lacking professional qualifications pursuant to a regulation as further defined by a policy letter of the unit commander.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee